O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHERLYNN L. ROSS, | ) | Case No. EDCV 12-8-OP |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
|           Defendant. | ) | |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 6, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 4 at 3.)

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the administrative law judge ("ALJ") properly granted partial or no weight to the assessments of treating psychiatrist Villar, examining psychologist Berg, and examining psychiatrist Kikani; and

(2) Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence in the record.

(JS at 5-6.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of bipolar disorder. (Administrative Record ("AR") at 26.) The ALJ concluded that Plaintiff retains the RFC to perform a limited range of light work. (Id. at 27.) Specifically, the ALJ found that Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours out of an eight-hour workday, and stand and walk for six hours out of an eight-hour workday. (Id. at 27-28.) The ALJ further found that Plaintiff's mental impairment limits her to simple, routine, repetitive tasks with no more than occasional interaction with the public. (Id. at 28.)

Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform her past relevant work as a cashier, warehouse loader, or instructional assistant. (Id. at 34.) The ALJ also relied on the VE's testimony to determine that there were alternative occupations Plaintiff could perform that exist in significant numbers in the national economy, such as packing machine operator (Dictionary of Occupational Titles ("DOT") 920.685-078), electronics worker (DOT 726.687-010), and sewing machine operator (DOT 787.685-010). (Id. at 34-35.)

**B.     The ALJ Properly Considered the Assessments of the Treating and Examining Psychiatrists.**

Plaintiff contends that the ALJ failed to properly accord weight to the assessments of treating psychiatrist Dr. Romeo Villar, examining psychologist Dr. Gene Berg, and examining psychiatrist Dr. Divyakant J. Kikani. (JS at 6.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient

as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2).

If a treating or examining physician's opinions are not contradicted, they can be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If contradicted, the ALJ may reject the opinion only if the ALJ makes findings setting forth specific and legitimate reasons that are based on substantial evidence of the record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986).

Here, the ALJ adopted the opinion of Dr. Kikani, the examining psychiatrist, with the exception of his GAF assessment. (AR at 30 ("Other than the GAF assessment, the undersigned concurs with Dr. Kikani's assessment.").) He also stated that he did not give great weight to the opinions of Drs. Villar and Berg, as they were inconsistent with the treatment notes and with Plaintiff's own testimony. (Id. at 32.) Plaintiff maintains that Dr. Kikani's findings are actually "in accord with–even if slightly less severe than–those of Drs. Villar and Berg" and, therefore, can only be rejected for clear and convincing reasons. (JS at 12.)

The Court does not agree that the opinions of Dr. Villar and Dr. Berg were uncontradicted by Dr. Kikani. For instance, Dr. Kikani remarked that Plaintiff would "have no problems remembering, understanding, and carrying out simple instructions" (AR at 286), whereas Dr. Villar assessed mild limitations in such tasks (id. at 499-501), and Dr. Berg assessed marked limitations. (Id. at 534-36.) Additionally, Plaintiff's prognosis as assessed by both Dr. Villar and Dr. Berg was guarded (id. at 496, 531), but Dr. Kikani's prognosis was fair. (Id. at 287.) Furthermore, both Dr. Villar and Dr. Berg opined that Plaintiff would not be able to return to the work force within a year (id. at 494, 528-29), but Dr. Kikani made no such assessment. Thus, the ALJ needed to set forth specific and legitimate reasons for rejecting the opinions of Dr. Villar and Dr. Berg.

    **1.**    **Dr. Villar.**

Plaintiff contends that the ALJ erroneously relied upon only the more benign findings in only a few of Dr. Villar's treatment notes while failing to account for the entirety of the notes. (JS at 8-19.) The Court disagrees.

In this case, the ALJ summarized Dr. Villar's treatment notes in detail. (AR at 31-32.) The ALJ noted that at the time Dr. Villar prepared his November 2009 letter in which he said that Plaintiff's symptoms of depression, hallucinations, and severe mood swings prevented her from working (id. at 371), Plaintiff had not mentioned hallucinations and had denied them in the couple months prior (id. at 33 (citing id. at 566-68)). The ALJ further noted that the very severe impairments listed in Dr. Villar's March 2010 letter and on the check-marked Psychiatric/ Psychological Impairment Questionnaire he completed were not supported by actual findings, since Dr. Villar's treatment notes showed that Plaintiff was doing well and had minimal symptoms in 2010. (Id. at 32-33 (citing id. at 493-503).) Indeed, as noted by the ALJ (id. at 33), Dr. Villar's treatment notes in the latter months of 2010 show a general

5

improvement in Plaintiff's condition (id. at 556-59). These are specific and legitimate reasons for discounting the opinion of a treating physician. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (finding that an ALJ permissibly rejected a treating physician's opinion when the opinion was contradicted by or inconsistent with the treatment reports); Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996). Furthermore, the Ninth Circuit has found that medical reports that are most recent are more highly probative. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (citing Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985)) (finding medical evaluations prepared several months before the hearing in a case where the claimant had a worsening condition were not substantial evidence sufficient to rebut more recent conclusions by a treating doctor).

Plaintiff further contends that the ALJ erroneously relied on Plaintiff's own testimony regarding her mental condition and ability to work. (JS at 10-11.) She argues that her severe mental impairment limits her ability to self-assess and should thus weigh in favor of accepting Dr. Villar's opinion rather than her own. (Id.) However, it was proper for the ALJ to reject Dr. Villar's opinions regarding Plaintiff's mental limitations as inconsistent with Plaintiff's own statements regarding her functional capabilities. See Magallanes, 881 F.2d at 751-52.

Thus, the Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting the opinions of Dr. Villar.

**2. Dr. Berg.**

The ALJ also provided specific and legitimate reasons for rejecting the opinion of Dr. Berg, Plaintiff's examining psychologist.

In considering Dr. Berg's psychological evaluation and impairment questionnaire, the ALJ specifically noted that Dr. Berg's opinions that Plaintiff

6

was markedly limited in her ability to perform almost all work-related activities as indicated on the checkbox form he completed, was not supported by actual findings. (AR at 32 (citing id. at 530-38).) The ALJ is not required to accept the opinion of a treating or examining physician if that opinion is brief, conclusory and inadequately supported by clinical findings. Thomas, 278 F.3d at 957. Furthermore, "check-off" forms are generally disfavored, especially when they are unsupported by objective clinical findings. Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that the ALJ properly rejected a doctor's opinions because they were check-off reports that did not contain any explanation of the bases of their conclusions); Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

The ALJ also found that Dr. Berg's check-marked responses were very similar to Dr. Villar's, which this Court has found were properly rejected. (AR at 32.) Thus, the Court finds that the ALJ properly rejected Dr. Berg's opinion.

**3.   Dr. Kikani.**

Plaintiff further maintains that despite the ALJ's purported concurrence with Dr. Kikani's opinions, the ALJ failed to incorporate Dr. Kikani's assessments of Plaintiff's mental function. (JS at 11.) The Court disagrees.

"Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041 (citing Magallanes, 881 F.2d at 751). As the Court pointed out earlier, the ALJ set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Villar's and Dr. Berg's opinions. He based this assessment on Dr. Villar's own treatment notes. The ALJ's concurrence with Dr. Kikani's

opinion is also supported by substantial evidence, as it is based on independent clinical findings and more accurately represents Dr. Villar's treatment notes.

Accordingly, the Court finds that the ALJ appropriately afforded weight to Dr. Kikani's opinion.

## C. The ALJ's RFC Assessment Was Supported by Substantial Evidence.

Plaintiff contends that the ALJ's RFC determination is erroneous because it lacks the support of substantial evidence. (JS at 18.) Specifically, she argues that the ALJ's RFC assessment lacks support from any treating, examining, or non-examining medical sources, thus demonstrating the lack of support of substantial evidence. (Id. at 19.)

A plaintiff's RFC is what she can still do despite existing exertional and non-exertional limitations. See 20 C.F.R. § 404.1545(a)(1); Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009); Frost v. Barnhart, 314 F.3d 359, 366 (9th Cir. 2002). An RFC assessment is not a medical opinion; it is an "administrative finding" reached after consideration of all the relevant evidence, including the diagnoses, treatment, observations by the treating physicians and family members, medical records, and the claimant's own subjective symptoms. See Soc. Sec. Ruling 96-5p; 20 C.F.R. § 404.1527(e)(2) (stating that a residual functional capacity finding is not a medial opinion but an administrative finding that is reserved to the Commissioner).

As the Court has already established, the ALJ properly afforded partial or no weight to the mental capacity opinions of Plaintiff's treating and examining psychiatrists. Nonetheless, Plaintiff maintains that without any substantiation from the treating and examining psychiatrists, the ALJ's assessment necessarily lacks the support of substantial evidence. (JS at 18-19.) The Court disagrees.

Plaintiff argues that the ALJ failed to account for the moderate limitations assessed by the non-examining state agency review physician, Dr. H. Amado. (Id.) However, the ALJ specifically stated, "The State Agency review psychiatrists concluded that claimant's mental impairment . . . caused moderate limitations in activities of daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation, and which did not preclude the performance of simple, repetitive tasks in a non-public setting." (AR at 33 (citing id. at 294-308).)

Plaintiff further contends that the ALJ erroneously failed to adequately explain the weight given to Dr. Amado's assessment. (JS at 19.) However, although the ALJ stated that he agreed with the State Agency review physicians' assessments, he gave Plaintiff the benefit of the doubt based on her own subjective complaints, and limited her to light exertional level work.[3] Moreover, although the State Agency review assessments found Plaintiff capable of performing simple, repetitive tasks in a non-public setting, based on Plaintiff's "current work activity," the ALJ found she could have limited access with the public. (AR at 33-34.)

An ALJ is not required to address every piece of information in the record. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003 (expressing that an ALJ need not discuss "evidence that is neither significant nor probative. . ."). Additionally, reports of a nonexamining advisor "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Andrews, 53 F.3d at 1041. Because Dr. Amado's opinion is supported by other evidence in the record – namely, Dr. Kikani's assessment and Dr. Villar's treatment notes – it

---

[3] As noted by the ALJ, the State Agency review physicians determined Plaintiff was capable of medium exertional work. (AR at 33.)

9

1 may constitute substantial evidence supporting the ALJ's RFC assessment.
2       Accordingly, the Court finds that the ALJ's RFC assessment was
3 supported by substantial evidence.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: August 21, 2012

                              HONORABLE OSWALD PARADA
                              United States Magistrate Judge